UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATIONWIDE LIFE INSURANCE CO., *et al.*,  )
                                          )    Case No. 2:14-cv-01586-APG-CWH
      Plaintiffs,                    )
                                          )    **ORDER**
vs.                                       )
                                          )
CARL MILLBERG, *et al.*,                  )
                                          )
      Defendants.                    )
_____)

This matter is before the Court on Plaintiffs Nationwide Life Insurance Co. and Nationwide Life Annuity Insurance Co.'s ("plaintiffs") Second Motion for Service by Publication (doc. # 44), filed March 19, 2015.

## BACKGROUND

Plaintiffs renewed motion seeks an order permitting service by publication of Defendant Melvin Williams ("defendant") under Federal Rule of Civil Procedure ("FRCP") 4(e)(1) and Nevada Rule of Civil Procedure ("NRCP") 4(e)(1)(i). Plaintiffs represent they have made "several diligent efforts to locate and serve" defendant. Doc. # 44-1 at 4. These efforts include hiring a private investigator, along with a third-party process server, to ascertain defendant's address and attempt service.

## DISCUSSION

FRCP 4(e)(1) provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made." In Nevada, Rule 4 of the NRCP governs

service of parties under state law.  It generally requires personal service of the summons and complaint upon individual defendants.  Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein, or by delivering the summons and complaint to an agent authorized to receive service.  Nev. R. Civ. P. 4(d)(6).  When personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant.  In evaluating due diligence, courts look to several factors.  See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994).  There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts.  Abreu, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence.  The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records.  Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

The Court has reviewed the record and finds that plaintiffs have demonstrated due diligence in their efforts to serve defendant.  The retained private investigator made diligent efforts to verify defendant's residence and to locate defendant for service.  The retained third-party server also displayed diligent efforts to serve defendant by speaking with a resident located near defendant's last known address, and making multiple attempts at service.  Consequently, the request to serve by publication will be granted.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' Second Motion for Service by Publication (doc. # 44) is **granted**.

//

//

1    **IT IS FURTHER ORDERED** that plaintiff shall mail a copy of the summons and complaint to

2    defendant at 127 Sunset Road, Moriarty, New Mexico 87035.

3    DATED:  March 20, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3